IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1.  Korey Brinkman | ) |
| 2.  David Capizola | ) |
| 3.  Joseph Della Penna | ) |
| 4.  Leslie DeMarco | ) |
| 5.  Catherine Huber | ) |
| 6.  Ines Israel | ) |
| 7.  Jay Johnson | ) |
| 8.  Shawn Nickell | ) |
| 9.  Mark Niro | ) |
| 10. Steve Perez | ) |
| 11. Guy Petrillo | ) |
| 12. Stephan Reimers | ) |
| 13. James Thiede | ) |
| 14. William Thom | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Case No. 21-1376 C

(Judge _____)

## COMPLAINT

1. Plaintiffs are current and former employees of the defendant United States at the Federal Housing Finance Agency ("FHFA"), in its Office of Inspector General ("OIG"). Plaintiffs bring this action against Defendant because Defendant has violated the Federal Employees Pay Act of 1945, as amended, 5 U.S.C. §§ 5541-5546 ("FEPA"), the FHFA "EL" pay system, which incorporates certain provisions of Title 5, and alternatively, the overtime pay provisions of the Fair Labor Standards Act ("FLSA"). Plaintiffs seek damages and other relief pursuant to 5 U.S.C. § 5545a, 5 U.S.C. § 5596, and 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2. The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491, 5 U.S.C. § 701 *et seq.*, 5 U.S.C. § 5545a, 5 U.S.C. § 5596, 28 U.S.C. § 2501, and 29 U.S.C. § 216(b).

## PARTIES

3. The Plaintiffs have each been employed by Defendant as a Criminal Investigator, Series 1811, at FHFA, Office of Inspector General (OIG) and are paid pursuant to the FHFA's "EL" pay plan, and since at least May 20, 2015, they have been unlawfully deprived of Law Enforcement Availability Pay (LEAP) to which they are entitled or, in the alternative, of the overtime pay mandated by the provisions of section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consent to sue forms are attached as Exhibit A.

4. At all relevant times herein, each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5041, and within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

5.     The United States is named as a defendant pursuant to 28 U.S.C. § 1491, and, at all times relevant herein, has been an employer under Title 5 of the U.S. Code. Defendant United States also is, and at all relevant times herein has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has as its principal place of business Washington, D.C.

## FACTS

6.     FHFA is an independent federal agency established in 2008, and is responsible for supervision, regulation, and housing mission oversight of Fannie Mae, Freddie Mac, Common Securitization Solutions LLC, and the Federal Home Loan Bank System. FHFA is also the conservator of Fannie Mae and Freddie Mac.

7.     Plaintiffs are, or have been during the relevant time period, employed by FHFA as Series 1811 Criminal Investigators in its Office of Inspector General.

8.     The LEAP statute "provide[s] premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40-hour workweek based on the needs of an employing agency." 5 U.S.C. § 5545a(b). The term "criminal investigator means a law enforcement officer as defined under section 5541(3)" who is required to possess certain attributes and perform certain actions delineated in the statute. 5 U.S.C. § 5545a (2); *see* 5 C.F.R. § 550.103 (defining criminal investigator). Plaintiffs are Criminal Investigators within the meaning of the LEAP Statute, as applied to FHFA as set forth below.

9.     Through its "EL" pay system, FHFA has elected to apply the portions of FEPA related to Law Enforcement Availability Pay ("LEAP") to Plaintiffs and other criminal investigators employed by FHFA-OIG.

10. FHFA has also elected to apply the portions of FEPA related to overtime compensation to employees of FHFA-OIG who are classified as FLSA non-exempt through its "EL" pay system.

11. Per Section XIV of the FHFA-OIG Premium Pay Policy, criminal investigators performing primary job duties classified in the GS-1811 occupational series shall receive LEAP for unscheduled duty or for being available to perform work in excess of the 40-hour workweek on their regular workday, if such work is "officially ordered or approved, or without specific supervisory preapproval, if circumstances require them to perform the work in accordance with FHFA-OIG procedures (including any requirement for after-the-fact validation or approval." Criminal Investigators are eligible for LEAP if they work or they are available to work an annual average of two hours or more per regular work day.

12. Similarly, the position description for FHFA-OIG Criminal Investigators provides that the position is eligible to receive LEAP, and that an incumbent receiving LEAP works an average of at least a 10-hour workday on an annual basis.

13. Per the FHFA-OIG Premium Pay Policy and consistent with FEPA, LEAP is paid at an amount equal to 25 percent of a criminal investigator's rate of basic pay.

14. FHFA-OIG properly classifies Criminal Investigators as non-exempt from the overtime requirements of the Fair Labor Standards Act (FLSA).

15. The FHFA-OIG Premium Pay Policy provides that FHFA-OIG can approve, at its discretion, voluntary requests not to be assigned overtime work for a designated period, and to opt-out of LEAP, "because of a personal or family hardship situation" and if the employee submits a signed written statement documenting this request and their understanding that LEAP is not payable during the designated period.

16. Plaintiffs routinely worked and/or were available to perform unscheduled duty hours in excess of 40 in a workweek, with an annual average of two hours or more per workday (i.e., an average workday of at least 10 hours). However, as a result of the Defendant's actions, Plaintiffs did not receive LEAP to which they were entitled under the law and FHFA-OIG policy. Alternatively, Plaintiffs did not receive overtime compensation for hours in worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

17. Since at least 2015, Defendant has required Plaintiffs and other Criminal Investigators at FHFA-OIG to sign an "Annual Special Agent Policy Certification," which includes a certification that employees have reviewed the portion of the FHFA-OIG Premium Pay Policy dealing with LEAP and that they meet the "stipulated requirements."

18. During the relevant time period, FHFA-OIG has required certain Criminal Investigators on certain occasions, including Plaintiffs, to sign a "voluntary" form to opt out of receiving LEAP. The form states that "5 U.S.C. § 5547 generally limits premium pay (including Law Enforcement Availability Pay ("LEAP") under 5 U.S.C. § 5545a) to an annual maximum pay limit of $155,500," and that the criminal investigator "does not benefit from LEAP." The opt-out form also states: "Accordingly, I request relief from unscheduled duty in excess of the regular 40-hour workweek that is required to maintain eligibility for LEAP premium pay. In the event that my request is approved, I recognize that I am nonetheless required to remain 'available' for official Law enforcement duties (e.g., recall to duty, scheduled overtime, etc.) at the discretion of FHFA-OIG."

19. While denying Plaintiffs LEAP as a result of the opt-out form, Defendant simultaneously provided LEAP to some Criminal Investigators who worked the same hours, performing the same duties alongside Plaintiffs during the same time period.

# CLAIMS

## COUNT ONE – FAILURE TO PROVIDE LAW ENFORCEMENT AVAILABILITY PAY PURSUANT TO 5 U.S.C. § 5545a AND THE EL PAY SYSTEM

20. Plaintiffs restate and incorporate by reference Paragraphs 1 through 19 as if fully stated herein.

21. Under 5 U.S.C. § 5545a and applicable regulations, as applied by FHFA, LEAP shall be paid to Criminal Investigators who are required to be available to work unscheduled duty in excess of the 40-hour workweek and has an annual average of two or more hours of unscheduled duty or availability to perform unscheduled work per regular workday.

22. As set forth above, since May 20, 2015, and continuing and ongoing, Plaintiffs have worked or been available for unscheduled duty hours in excess of 40 hours in a workweek, and such hours average out on an annual basis to two or more unscheduled duty hours per workday, so Plaintiffs have been entitled to receive LEAP premium payments for such unscheduled hours that they either worked or were available to work. However, Defendant has failed to pay Plaintiffs LEAP for being available to work or for working unscheduled hours in excess of 40 in a workweek in violation of 5 U.S.C. § 5545a and 5 C.F.R. § 550.181, *et seq.* As such, Plaintiffs have been deprived of LEAP to which they have been entitled under the law.

23. Defendant's above-alleged violations of the Federal Employee Pay Act and the EL Pay System are recurrent, willful, and intentional.

24. As a result of the Defendant's willful and purposeful violations of FEPA and the EL Pay System , there has become due and owing to each of the Plaintiffs various amounts which have not yet been precisely determined. The employment and work records for Plaintiffs are in the possession, custody and control of the Defendant and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by the Government

Accounting Office retention schedule and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

### COUNT TWO – FAILURE TO PROVIDE OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT PURSUANT TO 29 U.S.C. § 207 AND 5 C.F.R. § 551.501

25. Plaintiffs restate and incorporate by reference Paragraphs 1 through 24 as if fully stated herein.

26. Section 7(a) of the FLSA (29 U.S.C. § 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a workweek. At all or some of the times material herein, Plaintiffs have been entitled to FLSA overtime pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a workweek.

27. For federal employees such as plaintiffs, time spent in a paid, nonwork status, such as holiday, paid leave, compensatory time off, and excused absences, is considered "hours of work" for purposes of calculating overtime entitlement. 5 C.F.R. § 551.401(c).

28. As set forth above, since May 20, 2018, and continuing and ongoing, Plaintiffs have worked unscheduled duty hours in excess of eight (8) hours in a day and/or 40 hours in a workweek, so Plaintiffs have been entitled to receive overtime compensation for such work hours. However, Defendant has failed to pay Plaintiffs overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of eight in a workday or 40 in a

workweek in violation of 29 U.S.C. § 207 and 5 C.F.R. § 551.501. As such, Plaintiffs have been deprived of overtime compensation to which they have been entitled under the law.

29. Defendant's above-alleged violations of the FLSA are recurrent, willful and intentional.

30. As a result of the Defendant's willful and purposeful violations of the FLSA and FEPA, there have become due and owing to each of the Plaintiffs various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of Defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, 29 U.S.C. §211(c), and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a) Enter judgment declaring that the Defendant violated 5 U.S.C. § 5545a by failing and refusing to properly compensate Plaintiffs with Law Enforcement Availability Pay ("LEAP") for being available for or for working unscheduled hours of work performed in excess of forty (40) in a workweek, or, alternatively, that Defendant violated the FLSA by failing and refusing to provide Plaintiffs with overtime compensation for hours worked in excess of eight hours in a day and/or forty (40) hours in a workweek;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

(c) Award each Plaintiff monetary damages in the form of backpay compensation, plus interest;

(d) Award Plaintiffs liquidated damages in an amount equal to their unpaid overtime compensation under the FLSA;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by Defendant, and the costs of this action; and

(f) Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
gkm@mselaborlaw.com

*Counsel of Record for Plaintiffs*

Sarah M. Block
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
smb@mselaborlaw.com

*Of Counsel for Plaintiffs*